**NICHOLAS M. WAJDA**
Nevada State Bar No. 11480
Law Offices of Nicholas M. Wajda, Esq
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DIEGO A. CRUZ-GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No.  2:21-cv-00577<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes DIEGO A. CRUZ-GOMEZ, ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the District of Nevada and a substantial portion the events or omissions giving rise to the claims occurred within the District of Nevada.

**PARTIES**

4.  Plaintiff is a consumer over-the-age of 18 residing within the District of Nevada.

5.  Defendant boasts to be a "[p]rofessional Collection Agency, providing services to the apartment industry."[1] Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028. Defendant regularly collects upon consumers located within the State of Nevada.

6.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.  The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted residential apartment lease ("subject debt") that Plaintiff allegedly owed to Aya Apartments - Las Vegas ("Aya").

8.  In or around February 2021, Plaintiff started receiving calls to his cellular phone number (702) XXX-3382, from Defendant.

---

[1] https://www.iqdata-inc.com/about-us

9.   At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number ending in -3382. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

10. Defendant has called Plaintiff using several different numbers.

11. Plaintiff, through his contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

12. Due to Defendant's overwhelming phone calls and the representation that no interest would be added to the subject debt, Plaintiff agreed to enter into a payment plan with Defendant and made a payment for $176.00.

13. Sometime thereafter, Plaintiff received a letter from Defendant dated March 22, 2021. In the letter, it stated that the "Total Due" on the subject debt was $5,035.56, which was a composed of a "Principal" of $5,000.00 and "Interest" of $35.56.

14. Plaintiff was perplexed after reading the letter, as he was told that no interest would be added to the subject debt, which was material to him agreeing to enter into the payment plan.

15. After reading Defendant's collection letter, on or around March 29, 2021, Plaintiff contacted Defendant.

16. Once Plaintiff was connected to a representative named Jason, Plaintiff explained his situation and asked about the interest that was added to the subject debt.

17. Defendant completely disregarded Plaintiff's explanation and demand payment on the subject debt while belittling and mocking Plaintiff.

18. Plaintiff demanded to speak to April Wells ("April"), the representative who told him he would not have to pay any interest towards the subject debt. Defendant refused to transfer Plaintiff to April and threatened to "ruin" Plaintiff's credit if he did not satisfy the subject debt.

19. Defendant used such deceptive and threating communications in order to coerce Plaintiff into satisfying the subject debt.

20. Frustrated, distressed, and bothered over Defendant's conduct, Plaintiff spent time conferring with counsel regarding Defendant's collection efforts, resulting in lost time and resources.

21. As alluded to above, Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to, emotional distress, anxiety, aggravation that he was subjected to harassment in connection with the subject debt, aggravation that accompanies collection telephone calls, lost time addressing Defendant's unlawful collection efforts, as a well as violations of his state and federally protected interests to be free from harassing, deceptive, and misleading debt collection communications.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeat and reallege paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA §1692d**

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in

connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign is highlighted by its unprofessional conduct of berating and mocking Plaintiff during its collection campaign. Any reasonable fact will conclude that Defendant's actions were harassing and abusive as Defendant ridiculed Plaintiff when he called Defendant to inquire why he was being charged interest on subject debt when he was told that he would not be charged interest.

29. Defendant further violated § 1692d through the threat made to Plaintiff that if he did not satisfy the subject debt immediately, then Defendant would ruin his credit. Defendant made this threat in order to harass and oppress Plaintiff into paying the subject debt.

30. Additionally, Defendant violated § 1692d(5) when it repeatedly called Plaintiff in a harassing matter. This repeated behavior of systematically calling Plaintiff's cellular phone annoyed Plaintiff to the point where he felt forced to make a payment and enter into a payment plan with Defendant in order to stop the harassing calls.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

33. Defendant violated §§ 1692e, e(5), and e(10) through its false threat that it would ruin Plaintiff's credit. Defendant made such threat not in a legitimate warning of action it intended to take, but instead to unduly increase the pressure on Plaintiff to address the subject debt.

34. Defendant further violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) when it deceptively represented that no interest would be added to the subject. Defendant's misrepresentation in this regard, was done in a false and deceptive attempt to convince Plaintiff into making a payment on the subject debt. As such, Defendant provided Plaintiff with conflicting information in a deceptive attempt to coerce Plaintiff into satisfying the subject debt. Plaintiff's reasonable reliance on Defendant's false statement caused Plaintiff to make a payment towards the subject debt and caused Plaintiff to enter into a payment plan with Defendant when he could not afford to.

### c.  Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly threatened and harassed Plaintiff. Defendant made these unfair threats and harassing remarks in order to scare Plaintiffs into making a payment on the subject debt when he could not afford to.

37. Defendant further violated § 1692f when it unfairly misrepresented the Defendant would not add interest to the subject debt.

38. Furthermore, Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by continuously harassing Plaintiff with phone calls. Attempting to coerce Plaintiff into payment by placing voluminous phone calls and belittling him is unfair and

unconscionable behavior. These means employed by Defendant only served to worry and abuse Plaintiff.

39. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DIEGO A. CRUZ-GOMEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: April 8, 2021                    Respectfully submitted,

/s/ Nicholas M. Wajda
Nicholas M. Wajda, Esq.
871 Coronado Center Drive, Ste. 200
Henderson, NV 89052
Telephone: (702) 900-6339
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*